**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3126-22

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

BRANDON BAUTISTA,

    Defendant-Respondent.

_____

Argued January 24, 2024 – Decided February 23, 2024

Before Judges Accurso and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 22-02-0206.

Jennifer Bentzel Paszkiewicz, Assistant Prosecutor, argued the cause for appellant (LaChia L. Bradshaw, Burlington County Prosecutor, attorney; Jennifer Bentzel Paszkiewicz, of counsel and on the brief).

Austin J. Howard, Assistant Deputy Public Defender, argued the cause for respondent (Joseph E. Krakora, Public Defender, attorney; Austin J. Howard, of counsel and on the brief).

PER CURIAM

This is the State's appeal from an order granting defendant Brandon Bautista's motion to dismiss, with prejudice, an indictment charging him with burglary and theft on the basis it was filed beyond the five-year statute of limitations in N.J.S.A. 2C:1-6(b)(1).  Because we agree the indictment is time-barred in accordance with the statute and the holding in State v. Thompson, 250 N.J. 556, 561 (2022)[1], we affirm.

The essential facts are undisputed.  Following a residential burglary in July 2014, a detective in the Maple Shade Township Police Department lifted a set of latent fingerprints from the exterior of a window for comparison with those maintained in the New Jersey State Police Integrated Automated

---

[1]  The Court in Thompson held:

> a plain reading of N.J.S.A. 2C:1-6(c) reveals that the Legislature intended the statute of limitations to begin to run once the State was in possession of both the physical evidence from the crime and the suspect's DNA.  To hold otherwise would contradict the language of the statute which directs the statute of limitations to begin when the State is in possession of both items needed to generate a match.  To find that the statute of limitations begins when a match is confirmed would render the second half of the provision superfluous.
>
> [250 N.J. at 561.]

A-3126-22

Fingerprint Identification System (IAFIS) database. Initially, the latent prints were not matched to any prints stored in the IAFIS.

On January 13, 2017, the State Police Records and Identification Section got a "hit" in the IAFIS database identifying a match between the latent prints and defendant's fingerprint record or "known prints." On August 14, 2017, the State Police informed the detective of the hit. Two days later, on August 16, the detective contacted the Burlington County Prosecutor's Office to request a manual comparison between the latent prints and those of defendant.

The Prosecutor's Office contacted the detective on February 6, 2018, confirming the latent prints belonged to defendant. Defendant was charged on a complaint-warrant with third-degree burglary, N.J.S.A. 2C:18-2(a)(1) and third-degree theft by unlawful taking, N.J.S.A. 2C:20-3(a) on March 16, 2020. He was indicted on the charges almost two years later on February 1, 2022.

On his motion to dismiss the indictment as time-barred, defendant argued the case was controlled by Thompson and a plain reading of N.J.S.A. 2C:1-6(c), which provides in the case of fingerprint analysis (or DNA testing) that the time an offense is committed, for purposes of applying the applicable statutes of limitation periods "does not start to run until the State is in possession of both the physical evidence and the DNA or fingerprint evidence

3                                                                    A-3126-22

necessary to establish the identification of the actor by means of comparison to the physical evidence."  Defendant maintained the statute of limitations thus began to run on his crimes on January 13, 2017, when the State had both the latent prints from the crime scene and his known fingerprints, the two items necessary to generate a match.  Because the indictment was not returned until February 1, 2022, more than two weeks after expiration of the five-year limitations period beginning on January 13, 2017, defendant contended his indictment on charges of burglary and theft was untimely under N.J.S.A. 2C:1-6(b)(1), requiring dismissal with prejudice.

The State countered that the statute of limitations did not begin to run until the prosecution got "the evidence of a match," which did not occur in this case until February 6, 2018, when "the State got that comparison match" between the crime scene evidence and defendant's known prints.  The State argued that Thompson, which was not decided until after defendant was indicted, constituted a new rule of law "which if applied retroactively, would create unjustified burdens."  Finally, the State argued the statute of limitations was tolled during the fifty-seven days grand juries were suspended between March 17, 2020, the day after defendant was charged on a warrant, and May 13, 2020, pursuant to orders of the Chief Justice.  Sup. Ct. of N.J.,

4

Notice — COVID-19 Coronavirus — Status of Court Operation — Immediate and Upcoming Plans, at 1 (Mar. 12, 2020); Sup. Ct. of N.J., Omnibus Order on COVID-19 Issues, at 2 (Mar. 27, 2020).

In a concise and well-reasoned opinion from the bench, Judge Tarantino agreed with defendant that the charges were time-barred and dismissed the indictment with prejudice. The judge found it undisputed that the State was in possession of the fingerprint evidence linking defendant to the crimes on January 13, 2017, when the State got the fingerprint hit in the IAFIS. The judge found the Supreme Court's opinion in Thompson, dealing with DNA evidence "was right on point," that the statute of limitations began to run when the State possessed "the physical evidence from the crime as well as [a] DNA sample from the defendant, not when a match is confirmed." See Thompson, 250 N.J. at 255.

Applying Thompson here, the judge found "[t]he State possessed the sample," that is defendant's fingerprints, on January 13, 2017, although it didn't confirm the match for another thirteen months, when the Prosecutor's Office advised the detective on February 6, 2018, that it had manually matched the latent prints recovered from the crime scene to defendant's prints. The judge found that delay is "on the State." The judge rejected the State's

5                                                                      A-3126-22

contention that <u>Thompson</u> represented a new rule of law, finding it merely interpreted the plain meaning of an existing statute, albeit in a case involving DNA, not fingerprints.

The judge reasoned that applying the holding of <u>Thompson</u>, only substituting "fingerprints" for "DNA," made clear beyond any question that the statute of limitations on defendant's crimes began to run when the State had the ability to match the latent prints to defendant's known prints "[n]ot when the State decides well we're going to match [these] up and let's work on the case now." Applying the rationale of <u>Thompson</u>, the judge held any other rule would allow the State to be in possession of physical evidence from a crime scene and fingerprints "from a suspect and yet allow the evidence to go untested for an inordinate amount of time," effectively annulling the statute of limitations in cases involving DNA and fingerprints contrary to the clear intent of the Legislature.

The judge also rejected the State's "fifty-seven-day extension argument" as without merit, noting that none of the "many memos during COVID" explaining the tolling of various limitations periods and filing deadlines ever mentioned tolling based on the State's inability to convene a grand jury. Moreover, the judge reasoned that even assuming the deadline for bringing an

indictment was tolled during the fifty-seven-day period, the State didn't get an extra fifty-seven days tacked on to periods expiring over eighteen months later. Cf. Barron v. Gersten, 472 N.J. Super. 572, 578-79 (App. Div. 2022).

Abandoning the statutory interpretation, retroactivity, and tolling arguments it made to the trial court, the State appeals raising an entirely new argument; that is, Thompson is inapplicable "when no one agency within New Jersey possessed both the identity of the defendant and the physical evidence against him."[2]

Specifically, the State contends "the trial court erred in concluding that the State was 'in possession of both the physical evidence and the . . . fingerprint evidence necessary to establish the identification of defendant by means of comparison to the physical evidence' as of January 13, 2017," because the Maple Shade police had only the latent prints from the crime scene on that date not the IAFIS hit in possession of the State Police. In other words, the State contends the judge "confuse[d] the IAFIS database, which is within

---

[2] The State contends this argument was "partially" raised below citing the entirety of the judge's opinion from the bench. Having read the entire transcript more than once, we see no reference to the State having raised this argument to the trial court. See State v. Robinson, 200 N.J. 1, 19 (2009) ("Appellate review is not limitless. The jurisdiction of appellate courts rightly is bounded by the proofs and objections critically explored on the record before the trial court by the parties themselves.").

the custody and control of the New Jersey State Police, with the agency or agencies with the jurisdiction to confirm the IAFIS hit and charge defendant . . . — the Maple Shade Police Department and the Burlington County Prosecutor's Office."  The State thus contends that because "[i]t was impossible" for the lead detective to have "compared and 'matched' the physical prints lifted from the burglary scene to the IAFIS hit" before being advised by the State Police of the IAFIS hit on August 16, 2017, the statute of limitations did not begin to run until that date, making the return of the indictment on February 1, 2022 timely under N.J.S.A. 2C:1-6(b)(1).

Leaving aside this novel argument was never raised to the trial court and thus should not be entertained on appeal, see State v. Legette, 227 N.J. 460, 467 n.1 (2017) (declining to consider a new argument by the State not raised to the trial court when it had the opportunity), and that the State conceded in the trial court if Thompson applied, which it does, the statute would begin to run on January 13, 2017, the State's new argument — in essence, that the State Police is not a part of the State for purposes of N.J.S.A. 2C:1-6(c) — is without sufficient merit to warrant any real discussion here.  See R. 2:11-3(e)(2).

When the Legislature amended the criminal statute of limitations to add the carve out for fingerprint and DNA evidence in 2002, L. 2001, c. 308, § 1, providing in pertinent part that:

> [t]ime starts to run on the day after the offense is committed, except that when the prosecution is supported by physical evidence that identifies the actor by means of DNA testing or fingerprint analysis, time does not start to run until the State is in possession of both the physical evidence and the DNA or fingerprint evidence necessary to establish the identification of the actor by means of comparison to the physical evidence (emphasis added),

the State Police had been the State's statutorily designated repository for the collection and coordination of fingerprint data for over seventy years. See Roesch v. Ferber, 48 N.J. Super. 231, 236 (App. Div. 1957); N.J.S.A. 53:1-12.

As "[i]t is firmly established that '[t]he Legislature is presumed to know the law'" and is "conversant with its own enactments," Committee of Petitioners for Repeal of Ordinance No. 522 (2013) of Borough of W. Wildwood v. Frederick, 435 N.J. Super. 552, 567 (App. Div. 2014) (quoting David v. Gov't Emps. Ins. Co., 360 N.J. Super. 127, 143 (App. Div. 2003)), it is inconceivable it intended "the State" in the statute's final clause to mean a local police department or prosecutor's office contrary to the statute's plain language and the central role the State Police plays in maintaining DNA and

fingerprint records to support criminal prosecutions State-wide. Our Supreme Court rejected a similar argument in Thompson. 250 N.J. at 576 ("It is unlikely that the Legislature contemplated a situation in which the State would possess both items necessary to generate a match but that the DNA match would not occur given the systems in place to coordinate, maintain, and compare DNA samples both locally and nationally.").

The State is also factually incorrect that prior to the State Police notifying the detective of the IAFIS hit on August 14, 2017, "one entity in the State possesse[d] one item (the prints) and another possesse[d] the other (the physical evidence)." The State Police unquestionably possessed both "the physical evidence from the crime" and defendant's fingerprints on January 13, 2017, when it got the fingerprint hit in the IAFIS making that the date the statute of limitations began to run in accordance with N.J.S.A. 2C:1-6(c) and Thompson.

Having reviewed the issue de novo, see State v. Twiggs, 233 N.J. 513, 532 (2018), we agree with the trial court that Thompson controls. Because State Police received the IAFIS hit on January 13, 2017, "the State" possessed both the physical evidence from the crime scene and defendant's known fingerprints on that date, triggering the start of the five-year statute of

10

limitations.  N.J.S.A. 2C:1-6(c).  That the Maple Shade Police Department and the Burlington County Prosecutor's Office were only advised of the IAFIS hit on August 14, 2017, is irrelevant for the calculation of the limitations period.[3]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] The State's reliance on State v. Washington, 453 N.J. Super. 164 (App. Div. 2018), does not advance its argument.  In Washington, we held the prosecutor did not commit a discovery violation by not turning over a non-exculpatory draft DNA report not yet provided to the prosecutor because "[t]he State Police Lab — 'notwithstanding [its] close cooperation with the prosecution — is not within the prosecutor's "possession, custody or control."'" (quoting State v. Kane, 449 N.J. Super. 119, 133 (App. Div. 2017)).  R. 3:13-3(b)(1)(C). N.J.S.A. 2C:1-6(c) refers to evidence in possession of the State not evidence in the possession of the prosecutor as in Rule 3:13-3(b)(1)(C).

A-3126-22